May I please reserve two minutes for rebuttal? Yes. May it please the court, counsel. My name is Mark Worksman. I represent the appellant, Dr. Kwon. He's a 47-year-old dentist from Korea who was sentenced to 36 months in federal prison for interfering with a flight crew. Your Honors, I submit that the sentence that was handed down to Dr. Kwon was procedurally unsound and substantively unreasonable because, simply put, the district court went rogue. The judge abandoned the sentencing guidelines. She failed to follow the sentencing guidelines. She failed to meaningfully or completely consider the sentencing guidelines. Any reference that the district court made to the sentencing guidelines four or five times during a protracted series of sentencing hearings There are quite a lot of hearings, four or five. There were at least five substantive hearings in which this court considered the sentencing of Dr. Kwon and each time if the judge mentioned the guidelines she did so as a form of lip service because she made it very clear from the very outset of this process that she viewed this as a 20-year statutory maximum case and that after some further consideration in her mind it was a 10-year case and she thereupon proceeded to consider the 3553A factors not as a way to analyze and come to a just sentence under the guidelines but as mitigating factors as to why she should go down from 10 years to three years. Her sentence was completely untethered from any serious or meaningful consideration of the guidelines. Well, there are references in there in all fairness. I said I think regarding your baseline argument is that the district court stated that it had considered the sentencing guidelines applicable to this case and that the guidelines were a starting point in the initial benchmark that's used. Why aren't those statements coupled with the fact that the district court repeatedly referenced the guidelines throughout its five sentencing hearings enough to use the guidelines as a baseline to keep them in mind throughout the sentencing? Because your honor in the context of what happened and in the context of the full transcript those references each time the judge mentioned the guidelines the government mentions them in her brief it's their brief it's five or six times is lip service because in fact she said more times than she referenced the guidelines she made statements like the guidelines doesn't matter because I'm not sentencing within the guidelines she said we just went through the guidelines they don't apply because I've thrown out the sentencing guidelines she said I can sentence the defendant from 0 to 20 years she basically said that she could do whatever she wanted and that's a quote she did say that I can sentence him to quote whatever I want to sentence him from 0 to 20 years so I would ask your honors to go beyond the lip service and the glancing references almost as a matter of course she had to say the guidelines but she didn't follow the guidelines she didn't consider them advisory even she was untethered let's assume just for purposes of argument because we you know I'm not representing the panel or even myself but let's assume for argument's sake that there were procedural difficulties do you to go through all of that I mean I know at bottom line there was a situation there that the government and you recommended a certain sentence to the court and the court didn't follow that and I'm assuming you would concede that that no court has to do what the attorneys tell them absolutely so and there could be instances and having been a prior trial judge there were it's rare I mean usually if the parties agree the court generally follows but there are instances where the court views as a circumstance differently and has the authority to do that correct absolutely so if this if we were to find there were some procedural error there's some procedural errors is the proper remedy to remand it to the district court and not in this case your honor because the judge in the district court already made a finding that this is a level 7 under the court to give a sentence of zero to six months and basically time served for 32 all right but the court doesn't have to follow that but but probation recommended a sentence of six months under a level 7 under the court doesn't have to follow that right but the but the judge in her glancing tribute to the guidelines did find the case to be a level 7 that's one of the problems with this case what makes her sentence substantively unreasonable you could send it back to her but she's still bound by the finding she made which is that this is a level 7 which is zero to six months under the guidelines for your client could have been charged with a whole lot of other things besides the you got a pretty sweetheart deal on this one count didn't he well I'm not sure that that's true your honor the government of course chose to charge him with one count of interfering with a flight crew that seems to be the only criminal offense that applied there was him smoking in the laboratory but that's not a criminal offense he attacked one of the flight attendants or something well arguably he scuffled with a flight attendant but that's what the statute of interfering there was an injury there was a mark on his finger then and had to put taking to the ground and tase him and tie him up or something didn't I yes your honor that's the essence of interfering with a flight crew that's what these cases are about that's what the statute prohibits and that's what the guidelines contemplate your honor the guidelines contemplate in the run of the mill interfering with the flight crew case which usually involves someone getting drunk usually involves someone trying to have a cigarette usually involves somebody who's mentally unhinged all of which applied to my client in this case usually applies to someone who gets into a scuffle with an attendant they usually end up on the ground hogtied that all happened here and it usually involves grave danger to a hundred people on the airplane right but that's what the statute and the guidelines contemplate this case was was in the judge your honor there are simply no aggravating factors that this court considered which could reasonably be applied to either raise the sentence under the guidelines or justify a completely non-guideline sentence off the reservation at 36 months and by the way your honors this is a good time for the court to consider the disparity issue because this came up in the sentencing the government was aggressively trying to implement the in passing here the government's position today ought to be a stopped it's somewhat outrageous that the same government that was begging the district court to give this man 32 days time served is here today arguing that this was a perfectly reasonable and lawful sentence but and it's cringeworthy I would expect more from our government but your honor in in the district court mutually inconsistent they are your honor because the government in the lower court brought cases from district courts in Hawaii where defendants in other interference with flight crew cases were given I think one guy got 11 days and one guy got 30 lawyers and that's why we're article 3 and you can take that position and at a point when the lawyers lose then you put on a different hat to and you look at what what the court did and then you look at whether there it was procedurally defective was it substantively unreasonable you know all of those things that doesn't mean you have to agree with it well your honor I think that our government should wear one hat I don't think that our government should sway with the roiling currents of a case and and seek to opportunistically take advantage of a ruling that favored them now when in the district court they were saying they they argued the judge you are going to create a problem because you don't need to spend any more time on that do you want to reserve your the balance of your time I will your honor thank you thanks may please the court Garth backy on behalf of the United States I just want to address that the last point in the government is in an awkward position here we readily concede this is not the sentence we wanted it is not the sentence that we would ask for should the court reverse and remand but as you as your honor correctly observed this is a difference between the trial court level analysis and the appellate court level analysis and we're dealing with an abusive discretion we're dealing with case law about substantive reasonableness procedural formalities and all of which were followed so the government does not feel it's really a proponent here we really feel that our duty here was to to flesh out the record more than was done all right well let's let's go from that point a district court is to use the sentencing guidelines as a baseline right it's right sentence and based on my review of the record I counted at least seven times where the district court stated that it was initially thinking about a sentence sentencing sung to ten years confinement in light of this how are we to say that the district court used the guidelines as its baseline well I believe I counted over ten references to the 0-6 range through the course of all the hearings but we're still in 0-6 and it's it's that's she's looked at it that's basically asking for probation you know I don't know how much more she can stay tethered to such a low amount she found this egregious she found the conduct you know reprehensible she talked about the how is this any different than the run-of-the-mill interference with a flight crew case what makes this case what 36 months as opposed to a maximum of six under the guideline um your honor well I think it's 28 months in eight days as well we got time served so the sentence was she said I believe of 36 months and then somehow she credited eight months no she and then she literally lowered it she took the credit and chopped it out of the 36 I mean if you read the written judgment it says 28 no I understand so but in her mind she was given a sentence of 36 months minus the time for credit serve correct I he's still gonna get credit from a time serve on 28 whether it's 28 or 36 months what makes this case your recommendation this case was 32 days right the recommendation was and the court sentence is over a thousand days roughly so how do we get to you know 800 900 days 700 days from 32 what how do we get there in this case I would concede it's it's not that different than the run-of-the-mill cases but you know if we're looking at what to just you know the ranges in these cases I mean as we cited and we were not advocating at the trial court level and that's difference between saying here here's some cases with similar facts that we propose support our resolution which were the Hawaii cases which were the 18 days 30 days but then you do have in the case law which was not brought forth at that level but the Naghani case well let's talk about that case because that case was tried here in the Central District and in that case there was a plus 18 for recklessness and in that case the defendant never admitted guilt in fact he said I was saying clean America not kill Americans that's a completely different case than this case I guess I would disagree I mean he went he lost the dream that was he went to trial and he didn't prevail right and he never admitted guilt did he but I think the jury disagree with that no no the point is he never accepted responsibility okay where's this where's this individual mr. song did correct yes sir so that's a pretty big difference someone who comes in and please and says I did it versus someone who goes to trial sure right okay so I'm not sure you can really put those two cases they're not apples and apples here well the language used by 3553 is similar conduct with similar records it's not similar guideline ranges and I think if you look at the conduct it's the same I mean I actually would say that this defendant's conduct was worse but but did he get a plus 18 for recklessness in this case not whereas in the Ghana he did yes okay so I mean right off the top there are some pretty significant differences between the two cases no plea of no plea of guilty in one and reckless finding in this case plea of guilty no recklessness okay so those two are different what else besides Nagani how much I mean again this is this is the judge this is her opinion look and I know you're a tough spot because you negotiated a plea for 32 days which was consistent having tried one of these cases myself where a guy got I think five months and he went to trial and didn't he didn't admit guilt got five months I appreciate the tough spot you're in but what I'm trying to see is that if there's a way we can justify the district court did I'm trying to see how do we get from the 32 days that an experienced prosecutor recommended to 28 months and the only thing I saw was pointing to Nagani and Nagani is a very different case so is there anything else besides Nagani you can point to no not not in the case well let me ask you this if we vacated the sentencing does the government intend to seek the reckless endangerment enhancement under section 2a 5.2 a2 I was not trial counsel and I don't know what would we would be bound by if this was reverse remanded but it would seem to apply I mean it does seem to be it could have been applied it wasn't it wasn't advocated but you don't know I don't know but in the plea agreement you did not seek that did not and maybe we're bound by that I would be worried you'd be in bridge the plea agreement if you start going down that road and we are pretty sure we would try to get this guy out as soon as you want this case to be over with yes okay yes well that being said though is there if we feel that there were some procedural defect we don't then need to reach the substantive reasonableness counsel for the appellant seems to be arguing that we have the authority here to end it all you know that somehow that we can sentence him to credit for time served or we can order the court to that we should end it right here because if it goes back that the district courts going to go back to its guideline findings already and and revisit it which you know this this isn't just one sentencing case you know I'm concerned about what's authority you know we generally vacate and remand and then we leave that to the district court we tell the district court what you know what you have to do what mistake was made and then go forth and we don't tell the district court what to do is this case any different I know no law or any authority for the court to essentially impose what he uses the appropriate sentence so yes I think it would be a reverse for a minute they could have requested it go before a different court different district court judge but they haven't I mean that would have been a pretty reasonable remedy but I'd know of nothing that that gives the court the authority to do anything other than reverse a remand what would the other judge be without lying someone from Hawaii probably from the Northern Mariana Islands well what if I'm just you know I'm looking at this from a perspective of the judge and I know that she I believe right said at looked at the other cases that you as that that both counsel cited to her as being well these are like that and I think part of what she said is but I don't have to look at everything exactly the same as someone else I can find something more egregious than someone else and as far as I know and and I appeared in front of a lot of judges as well judges don't do things exactly the same so is a judge prevented from saying well I think this conduct is you know I find this sort of saying something to the effect of well obviously those you know it hasn't deterred other people from engaging in this kind of conduct this is serious stuff is a judge prevented from viewing it differently than another judge I don't think so your honor I mean she definitely put tremendous amount of weight on the nature and circumstances deterrence just punishment and that pushed the scale down and the other stuff just lifted up a little bit but no I think that's within her prerogative and as recognized in the case that we them it the Ninth Circuit has said you know yes it doesn't have to be within the line of cases as long as a court is cognizant of other the other 3553 factors which she did I mean she really went down the list at least two or three times of what she found to be relevant under 3553 and if we say that her sentence is is because it's outside the norm of the line then then what we're saying is that that the range has been established and can never budge because she's gone above that but she's articulated countless reasons to support her sentence and so I don't think we can say hey you know Naghani is different 33 is the highest she could possibly ever go I don't think that's it's fair there's going to be another case where it can go higher so long as the court complies with the requirements of sentencing all it seems to me all the court had to do here to avoid this problem was make clear that she had the guidelines and then explain why she didn't think a guideline sentence was appropriate and in spite of the fact that there were five hearings it looks to me like she never did do that shouldn't an appellate court insist that the district judge do it right even if we send it back and it comes back with the same sentence I I would just offer that I think she did you know I just like if you look at excerpts of record I think it's 19 to 25 she really goes through the 3553 analysis and highlights all the points and that's the second time she had done it she'd already done it in a previous sentence right I do think I guess I should respectfully disagree I think she did flesh out her reasons for why she imposed a sentence all right um your time is almost expired unless either of my colleagues have additional questions you have five seconds to nothing for you thank you thanks briefly your your honors the district judge did consider whether she could find aggravating factors and she declined to towards the very end of the sentencing proceedings she said that she did not find aggravating factors she said quote I would have increased the level if she had she said the offense level of seven has never been altered she said well to get to a level 18 she would have had to state on the record how many levels I'm going to and she says yeah I've not done that she says how do I get there I can't get there so she already consider her options under the guidelines and found that she was stuck at a level 7 but then nevertheless she deported way up because she was thinking not in the guidelines she was thinking this is a 10-year case under the statutes now you're on the disparity issue the issue it has come up these them distinctly from this case in each of the cases where there's been a level 18 there's been somebody either setting fire in the laboratory or the pilot had to leave the cockpit or the pilot got involved in the fight or the pilot had to take the plane down early what I would like you to quickly address in your last remaining time is give me your best legal argument about how this court can end this matter without vacating and remanding this court should make a finding that the lower court abused her discretion and that she illegally failed to adhere to the guidelines but that she did make a finding of a level 7 level 7 was urged by probation by the government by all parties and that this court should find that this is a level 7 case and should be sentenced within a level 7 which is 0 to 6 months and this man has already now been in custody more or 61 days after a three-day trip to Guam 39 days of actual custody and then the rest in home detention he's more than served an adequate sentence in this case and I would ask this court to find that her sentence was unreasonable it was procedurally unsound and that this should be a level 7 0 to 6 time served all right thank you for your argument unless either of my colleagues have additional questions thank you thank you
judges: Callahan, Owens, Faber